BEDERIN *v.* EX-CELL-O CORPORATION.

1. WORKMEN'S    COMPENSATION—ARTHRITIS—DISABLEMENT—QUESTION OF FACT—EVIDENCE.

In 50-year-old married woman's proceeding to recover workmen's compensation for total disability due to arthritis in hands which caused her to be unable to perform assigned light work of filing off burrs from aluminum castings, finding of department of labor and industry that her disability was not due to causes and conditions characteristic of and peculiar to the business of her employer, hence she was not entitled to compensation benefits, was a finding of fact and supported by the

evidence presented (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943; 2 Comp. Laws 1929, § 8451).

2. SAME—FINDINGS OF FACT—FRAUD.
   Findings of fact by the department of labor and industry are conclusive, in the absence of fraud (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted April 10, 1945. (Docket No. 47, Calendar No. 42,899.) Decided May 14, 1945.

Anna Bederin presented her claim for compensation against Ex-Cell-O Corporation, employer, for injuries sustained while in its employ. Award to defendant. Plaintiff appeals. Affirmed.

*Charfoos & Gussin* and *Sol Lumberg,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

BUTZEL, J. Anna Bederin appeals from an award of the department of labor and industry denying her compensation. She is a married woman, a little over 50 years of age. Without previous experience in factory work, she entered the employment of the Ex-Cell-O Corporation on June 2, 1943, and was assigned to a burr-bench job. This required the holding of light aluminum castings of various sizes and shapes with her left hand, and filing burrs from the castings with her right hand using a small file, varying in size, at times using one larger than a pencil, and at other times one about 10 or 12 inches in length. She worked on from 300 to 500 castings each day, the castings varying in size from an inch to three-fourths of a yard. After working about six weeks, she developed a

soreness and pain in both of her hands. In August, 1943, when consulting the defendant's first aid station regarding a cut on her hands, she asked the foreman to change her work, but the request was denied. On October 20th, the condition of her hands had become so bad that the defendant's physician advised her to stop work. She did so three days later. On November 3d, she consulted her family physician. His examination disclosed some enlargement of the joints of both hands, and he diagnosed her condition as arthritis and administered treatments therefor. The pathological symptoms immediately disappeared except that she continued to suffer pain in the thumbs of both hands. She was examined by another doctor on January 8, 1944, who found that the proximal metacarpal joints of the thumbs of both hands were loose, diagnosing the trouble as a partial subluxation of the proximal metacarpal phalangeal joints of the thumbs. An X-ray examination, introduced after all the doctors had testified before the deputy commissioner, disclosed limited hypertrophic arthritic changes of all the fingers of both hands. The roentgenologist who presented the X-ray pictures showed that there was no such subluxation, notwithstanding the diagnosis by one of the doctors that there was.

The department found that plaintiff's employment was "a comparatively easy job at which some 30 women are employed;" that she quit work on October 23, 1943, because of arthritis in both hands; that her present disability is due to a partial subluxation of the proximal metacarpal phalangeal joints of the thumbs of both hands, and further found as follows:

"Plaintiff's claim for compensation benefits is predicated entirely on subsection (c) of section 1

of part 7 of the compensation act,* the pertinent part of which is as follows:

" 'The term "personal injury" shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment. Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable.'

"In our opinion, the arthritis which was the cause of plaintiff's total disability at the time she quit work is not a disease due to 'causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment.' We do not think the conditions of her employment subjected her to a greater hazard than that which exists in the usual run of employment; nor do we think that arthritis is a disease which could be found to be a natural incident of the particular occupation in which she was engaged.

"With regard to the impaired function in her thumbs, for which reason it is not advisable for her to resume her former employment, we are constrained to hold that such disability is not due to 'causes and conditions which are characteristic of and peculiar to the business of her employment.' Again, we do not think the conditions of her employment caused a greater hazard than would be experienced in the normal run of employment; nor were the tasks which she performed more hazardous than any other tasks of such a nonstrenuous nature. Further, we do not think the condition of her thumbs is one which could be classed as a natural incident

*Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.) as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485–1, Stat. Ann. 1944 Cum. Supp. § 17.220).—REPORTER.

of her particular type of work or a result inherent in the nature-of the work performed.

"For the indicated reasons, it cannot be found that plaintiff's disability is due to causes and conditions which 'are characteristic of and peculiar to the business of her employer, a necessary prerequisite to an award of compensation under part 7 of the compensation act. Plaintiff is therefore not entitled to compensation benefits."

The award of the deputy commissioner denying compensation was thus affirmed.

There was testimony before the department showing that plaintiff's disability was not due to causes and conditions which are characteristic of and peculiar to the business of her employer or arising out of the course of the employment. The personnel manager of the employer testified that he knew of no other such complaint made by such employees; neither the 30 women who were then engaged in the same work as plaintiff nor the thousands of others who, over a period of years, had filed these parts had experienced such difficulty. Plaintiff had had her teeth extracted some 12 years prior to her employment with defendant, but she claimed that this was done because of looks and the teeth did her no good. Her tonsils, also, had been removed some 18 years ago. She undoubtedly was suffering from arthritis which had not entirely disappeared as far as the X-rays showed.

The department held the impaired function of her thumbs was not due to the causes and conditions which are characteristic of the employment. This was wholly a question of fact as shown by the testimony. In the absence of fraud, such findings are conclusive. Workmen's compensation law, part 3, § 12 (2 Comp. Laws 1929, § 8451 [Stat. Ann. § 17.186]).

Plaintiff relies largely on the case of *Kalee* v. *Dewey Products Co.*, 296 Mich. 540. The prevailing opinion there held that testimony in the record supported the finding that the "process" incident to plaintiff's performance of her duties, as detailed in the case, was the cause of the bursitis with which she became afflicted. There was a concurring opinion to the effect that the finding of facts by the department was conclusive. Three members of the court wrote for reversal. Each case stands on its own merits. *Kalee* v. *Dewey Products Co., supra.* In that case the statute * specifically designated bursitis as a compensable disability if caused by "any process involving continuous rubbing, pressure or vibrations of the parts affected," and in the prevailing opinion the court held that it was clear that plaintiff did sustain an occupational injury or disease which was acquired by the "process" or method incident to her employment. Moreover, the statute considered in that case did not contain the following provision:

"Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable."

Workmen's compensation law, part 7, § 1, as added by Act No. 61, Pub. Acts 1937, and subsequently amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485–1, Stat. Ann. 1944 Cum. Supp. § 17.220). The case presented a question of fact. We shall not disturb the findings of the department.

The award is affirmed, with costs to defendant.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* Act No. 10, pt. 7, § 2, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485–2, Stat. Ann. 1940 Cum. Supp. § 17.221).—REPORTER.