CARTER v. INTERNATIONAL DETROLA CORPORATION.

WORKMEN'S COMPENSATION—SCALENUS ANTICUS SYNDROME—MUSCLE USE.
> Condition denoted as scalenus anticus syndrome of woman, engaged in manual work requiring use of arms, and which resulted from excessive use of scalenus anticus muscle which, because of a pre-existing anatomical variation, pressed on the cords of the brachial plexus and compressed the axillary artery, was not compensable under the workmen's compensation act, where there was no accidental injury or fortuitous event, as such use of such muscle is not so unique as to be characteristic of and peculiar to the employment of inspecting 125-pound mine detectors and later testing and adjusting record players (CL 1948, § 417.1).

Appeal from Workmen's Compensation Commission. Submitted June 13, 1950. (Docket No. 76, Calendar No. 44,621.) Decided September 11, 1950. Rehearing denied January 8, 1951.

Abigail Carter presented her claim for compensation against International Detrola Corporation, employer, and Aetna Casualty & Surety Company and American Mutual Liability Insurance Company, insurers, for personal injuries sustained while in its

---

REFERENCES FOR POINTS IN HEADNOTES

Workmen's Compensation: Injury or death to which pre-existing physical condition of employee causes or contributes. 19 ALR 95; 28 ALR 204; 60 ALR 1299.
58 Am Jur, Workmen's Compensation, § 242 *et seq.*

employ. From award to plaintiff against employer and Aetna Casualty & Surety Company, the defendants appeal. Reversed.

*Charfoos, Gussin & Weinstein,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for appellants.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendant American Mutual Liability Company.

*Amici Curiae:*
*Rothe, Marston, Edwards & Bohn,* for International Union, United Automobile, Aircraft & Agriculture Implement Workers of America (UAW-CIO), on application for rehearing.

BUSHNELL, J. Plaintiff Abigail Carter, a married woman, began work for defendant International Detrola Corporation on May 28, 1943. Previous to this she had not worked for about 8 years. Within a few months she was transferred to a job inspecting mine detector units. Usually she would examine the boxed mine detectors (which weighed 125 pounds) as they came past her on the assembly line, and this required her to tip each one on edge. If the line was too fast and she got behind, 6 of the boxes were piled on a low platform called a flat. More effort in lifting and tipping the boxes was then necessary to complete the inspection.

In February of 1944, she noticed a stiffness in her hands, and her arm muscles ached. This condition became progressively worse accompanied with swelling and pain. Plaintiff visited chiropractors, osteopaths and physicians, took injections for arthritis, had massages and light treatments, all without improvement. She continued on her job

without loss of time until she was laid off on August 3, 1945, because of the war contract termination.

Defendant corporation reconverted to civilian production and plaintiff was called back to work in November of 1945. This lighter work consisted of testing record players, and later in adjusting the record changers. This, too, required the use of her arms. She worked regularly until June of 1947, when she quit because her hands and arms were still "sore and painful."

Plaintiff thereafter consulted several more doctors, without obtaining relief. Finally Dr. Grant L. Boland, a neurosurgeon at the University of Michigan Hospital, operated July 3, 1948. Dr. Boland testified that he found a hypertrophy of the scalenus anticus muscle which pressed on the cords of the brachial plexus and compressed the axillary artery, thus causing the pain and circulatory disturbance of plaintiff. He sectioned the muscle and this gave plaintiff relief.

The condition, scalenus anticus syndrome, according to Dr. Boland, results from a pre-existing anatomical variation in the muscle position coupled with the use of the muscle. Excessive "use" of the arms, he said, could be a factor in producing the syndrome, but "strain" on this muscle is not.

The commission found that the result of plaintiff's excessive use of the scalenus anticus muscle was a personal injury within the workmen's compensation act. Defendants were granted leave to appeal.

Plaintiff's disability did not result from an accidental injury or fortuitous event. If compensable at all it must be as a "disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer." CL 1948, § 417.1 (Stat Ann 1949 Cum Supp § 17.220).

Plaintiff did manual work which required the continuous use of her arms. In this respect it was no

different than many other factory jobs. The resulting excessive movement of the scalenus anticus muscle is not so unique as to be "characteristic of and peculiar to the business of the employer." Muscle use is common to most other employments, and the act does not permit compensation for injuries caused by this alone. See *Bederin* v. *Ex-Cell-O Corporation*, 311 Mich 334, and *Hagopian* v. *City of Highland Park*, 313 Mich 608.

The award is vacated. Costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.