UNDERWOOD v. NATIONAL MOTOR CASTINGS DIVISION, CAMPBELL, WYANT & CANNON FOUNDRY COMPANY.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—PECULIARITY TO EMPLOYER'S BUSINESS.

   An injury, to be compensable under the occupational disease amendment of the workmen's compensation act must be due to causes and conditions which are characteristic of and peculiar to the business of the employer, and the peculiarity need not be exclusive to that particular kind of employment but the resulting hazard from the employment must be distinguishable in character from the general run of occupations (CL 1948, § 417.1).

2. SAME—FOUNDRY WORKER—BACK INJURY—EVIDENCE.

   Evidence that foundry worker whose work required her to bend and twist her back in order to put 40-pound cores in ovens, which resulted in an injury diagnosed as a lumbo-sacral strain with some evidence of a herniated disc, supported workmen's compensation commission's finding that her back injury was due to a substantial hazard far in excess of that attending employment in general (CL 1948, § 417.1).

3. SAME—FINDING BY COMMISSION—FRAUD—EVIDENCE.

   Findings of fact by the workmen's compensation commission are conclusive in the absence of fraud (CL 1948, § 413.12).

4. SAME—FINDING BY COMMISSION—BACK INJURY—EVIDENCE.

   Finding of workmen's compensation commission that plaintiff foundry worker's present back condition was due to strain suffered while in defendant's employ while lifting and carrying cores and placing them in ovens, held, supported by competent testimony that the condition was a new development attended with sharp pain in back and leg and not confined to premenstrual pain previously suffered (CL 1948, § 413.12).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation, § 246.
[3] 58 Am Jur, Workmen's Compensation, §§ 482, 483, 518, 530 et seq.

Appeal from Workmen's Compensation Commission. Submitted October 3, 1950. (Docket No. 8, Calendar No. 44,579.) Decided January 8, 1951.

Bessie Underwood presented her claim for compensation against National Motor Castings Division, Campbell, Wyant & Cannon Foundry Company, employer, and Michigan Mutual Liability Company, insurer, for occupational disease arising out of and in course of employment. Award to plaintiff. Defendants appeal. Affirmed.

*Marcus & McCroskey,* for plaintiff.

*L. J. Carey & Geo. J. Cooper,* for defendants.

SHARPE, J. Upon leave granted, defendants appeal from an award of the department of labor and industry in which it was determined that plaintiff is entitled to compensation at the rate of $21 per week from September 15, 1948, until the further order of the commission.

Plaintiff, 30 years of age, is a factory worker. She was first employed by defendant company in May, 1945, on a core carrying job for a few months and was then transferred to core cleaning which did not require any heavy lifting. Plaintiff kept this job until there was a work stoppage in the plant in 1948. In August, 1948, she was returned to her old job of core carrying. When plaintiff first did this work in 1945 she was required to lift and carry 40 pounds in weight. In 1948, the same job was more strenuous in that it required more stooping to put the cores in an oven. After working at this job for a few weeks, she developed a painful back condition resulting in her quitting work September 15, 1948. Previously, plaintiff had back aches prior to her menstrual

periods, but these back aches did not prevent her from working.

For 3 or 4 years prior to September, 1948, plaintiff was treated by Dr. Keithly for back aches. On November 17, 1948, she was examined by Dr. Stryker who stated on the hearing that he made a diagnosis of lumbosacral strain with some evidence of herniated disc at the fifth lumbosacral joint space at the right.

In plaintiff's application for hearing and adjustment of claim, we find the following: "That this claim relates to a personal injury which occurred on or about September 15, 1948, or to a disablement from occupational disease which occurred on or about September 15, 1948." It is noted that the commission did not expressly state whether the award was made under part 2 of the workmen's compensation act* or part 7 of the act,† but from a reading of its opinion it conclusively appears that the award was made under the occupational disease amendment (part 7, § 1). Under this part of the act "The term 'personal injury' shall include a * * * disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment."

In an opinion the commission stated as follows:

"The plaintiff had had some previous difficulty with her back but the previous difficulty had been entirely different in nature and character and had never been disabling. Her previous difficulty had generally occurred prior to her menstrual periods.
* * *

"We do not believe there is any room to doubt the

* CL 1948, § 412.1 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 17.151 *et seq.*).

† CL 1948, § 417.1 *et seq.* (Stat Ann 1949 Cum Supp § 17.220 *et seq.*).

clear relationship between the plaintiff's back disability and the heavy and strenuous nature of her employment. We, therefore, believe it to be a compensable condition. Her work presented a substantial hazard of back injury which was far in excess of that attending employment in general. The heavy and strenuous nature of her employment constituted causes and conditions which were characteristic of and peculiar to the defendant's business. She is entitled to compensation at the rate of $21 per week from September 15, 1948, and until the further order of the commission."

Defendants appeal and urge that plaintiff did not receive a personal injury within the meaning of the workmen's compensation law in that plaintiff was not subjected to any greater hazard of injury by her work than would be found in employment in general; and that there is only a possibility that the lifting she did while employed is the cause of her present condition.

The term "peculiar to the occupation" is defined in *Glodenis* v. *American Brass Co.*, 118 Conn 29 (170 A 146), and quoted in Mr. Justice REID's opinion in *Samels* v. *Goodyear Tire & Rubber Co.*, 317 Mich 149, as follows:

"The phrase, 'peculiar to the occupation,' is not here used in the sense that the disease must be one which originates *exclusively* from the particular kind of employment in which the employee is engaged, but rather in the sense that the conditions of that employment must result in a hazard which distinguishes it in character from the general run of occupations." (Italics supplied.)

The commission found that plaintiff's work presented a substantial hazard of back injury which was far in excess of that attending employment in general. There is competent testimony to support this conclusion. The bending and twisting that plaintiff

was required to do in order to place the cores in
the oven was a part of her job and peculiar to de-
fendant's business. In the absence of fraud the find-
ings of the commission are conclusive.* See *Bederin*
v. *Ex-Cell-O Corp.,* 311 Mich 334.

For other cases in this field see *Hagopian* v. *City
of Highland Park,* 313 Mich 608; *Samels* v. *Goodyear
Tire & Rubber Co., supra; Carter* v. *International
Detrola Corp.,* 328 Mich 367; *Croff* v. *Lakey Foundry
& Machine Co.,* 320 Mich 581.

Defendants also urge that there is no competent
evidence to prove that plaintiff's present condition
is due to the lifting and stooping she was required
to do while employed for defendant company. There
is evidence that plaintiff had previous difficulty with
her back prior to her menstrual periods, but such
back aches were not disabling.

Dr. Stryker testified:

"*A.* Well, I would think that the carrying of the
cores, as the patient described it was a combination
of twisting and bending, could have been the prob-
able cause of her pain and disability and the con-
dition as I later found it.

"*Q.* In your opinion could this be a new develop-
ment, particularly drawing your particular attention
to the sharp pain in her back and the sharp pain
radiating down her side which had never occurred
in that vicinity before?

"*A.* I believe that it is possible that this was a
new development inasmuch as her previous back
ache had been always premenstrual which is rather
common in women and had never been disappearing
and had never been associated with pain radiating
into the leg."

In our opinion there is competent testimony to
support the finding of the commission that plaintiff's

* See CL 1948, § 413.12 (Stat Ann 1949 Cum Supp § 17.186).—
REPORTER.

present condition is due to the strain she suffered while in defendant's employ.

The award is affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.