## BATTJES BUILDERS v. KENT COUNTY DRAIN COMMISSIONER

1. DRAINS—PUBLIC IMPROVEMENT—BENEFIT TO PUBLIC.
   An improvement in a drain can serve the public health, convenience, and welfare, under proper circumstances, even though only a portion of the public is directly and immediately benefited.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drains and Drainage Districts § 2.
[2] 25 Am Jur 2d, Drains and Drainage Districts § 1.
[3] 25 Am Jur 2d, Drains and Drainage Districts § 38 *et seq*.
[4] 2 Am Jur 2d, Administrative Law § 748 *et seq*.
[5] 2 Am Jur 2d, Administrative Law § 610 *et seq*.

2. WORDS AND PHRASES—DRAIN—DEFINITION—NATURAL WATERSHED
—IMPROVEMENTS—PROCEDURE.

The word "drain" may, for purposes of the drain code, include
any river, creek, watercourse, or ditch; and the procedure to
be followed in the expansion or enlargement of such a water-
course is the one set forth in the drain code applying to
improvements rather than the one for establishment of a new
drain (MCLA, §§ 280.3, 280.71–280.84, 280.191–280.199).

3. DRAINS—PUBLIC IMPROVEMENT—CONSTRUCTION BY PRIVATE IN-
DIVIDUALS—ASSESSMENT OF TAXES.

The drain commissioner or drainage board may enter into a
contract permitting the private construction of a portion of
a drainage system in such a manner that the facilities might
later be acquired by the commissioner, with payments made
or work done by the private party relieving it in part from
assessment for the cost of the project (MCLA, § 280.2).

4. ADMINISTRATIVE LAW AND PROCEDURE—REVIEW BY COURTS—PRE-
SUMPTION OF REGULARITY.

Courts will generally presume that an administrative body has
acted correctly and that its orders and decisions are reasonable
and valid.

5. SAME—FINDINGS OF FACT—REVIEW.

Findings of fact by an administrative agency are generally not
subject to review by a court if there is evidence to support
them unless there is a showing of fraud or lack of jurisdic-
tion or the finding is shown to be arbitrary or capricious,
credibility of witnesses being for the agency and not for the
court to determine.

Appeal from Kent, Letts (John T.), J. Submit-
ted Division 3 October 8, 1968, at Grand Rapids.
(Docket No. 3,935.)     Decided January 30, 1969.
Leave to appeal denied June 20, 1969.     See 382
Mich 764.

Complaint by Battjes Builders, a limited partner-
ship, Tanglefoot Company, a Michigan corporation,
and Eastern Shopping Centers, Inc., a Delaware cor-
poration, against Frank Bouma, Kent County Drain
Commissioner, and Woodland Shopping Center, Inc.,

a Michigan corporation, to enjoin the construction of a public drain. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Warner, Norcross & Judd (J. M. Neath, Jr.,* and *R. Malcolm Cumming,* of counsel), for plaintiffs Battjes Builders and Tanglefoot Company.

*McShane, Bowie & Anderson,* for plaintiff Eastern Shopping Centers, Inc.

*Hillman, Baxter & Hammond,* for defendant Woodland Shopping Center, Inc.

*Dickinson, Wright, McKean & Cudlip (Charles R. Moon,* of counsel), and *Vander Veen, Freihofer & Cook (Robert P. Cooper,* of counsel), for defendant Frank Bouma.

TEMPLIN, J. Plaintiffs appeal from a denial of injunctive relief to prohibit the construction of a proposed county drain in Kent County. Plaintiffs allege some eleven grounds of error which we find, in the main, to be repetitious and without merit. The allegations appear to resolve into two primary questions, namely:

Is the construction of Whiskey Creek Drain no. 362 conducive to the public health, welfare and convenience as required by the Drain Code of 1956?

Have the required procedures been followed in establishing and constructing the Whiskey Creek Drain project?

Plaintiffs contend that the defendant, Woodland Shopping Center, Inc., would be the only party to benefit from the building of the proposed drain and

thus that it would be private construction not conducive to the public health, welfare and convenience required by the drain code of 1956 as amended; MCLA § 280.2 *et seq.* (Stat Ann 1968 Rev § 11.1001 *et seq.*). We find this argument to be specious. Review of the record indicates that not only the defendant Woodland Shopping Center, Inc., but others, including the plaintiffs, will be benefited by the proposed drain. The legislature recognized that a drain can be necessary and conducive to the public health, convenience and welfare even though it may benefit varying numbers of people by providing that, "All apportionments of benefits under the provisions of this act shall be upon the principle of benefits derived." MCLA § 280.152 (Stat Ann 1968 Rev § 11-.1152). We conclude that the public health, convenience and welfare can be and is served, under proper circumstances, even though only a portion of the public is directly and immediately benefited. As to necessity, § 2 of the drain code (MCLA § 280.2 [Stat Ann 1968 Rev § 11.1002]) states that drains may be located and established, "whenever the same shall be conducive to the public health, convenience and welfare". In this regard, the record reveals that there was ample evidence before the drain commission and the trial court showing that prior and continuing development in the Whiskey Creek area had caused flooding conditions which would be aggravated in the future unless adequate drainage were provided. During institution of the proceedings the members of the board of determination, familiar with the area involved, viewed the creek and surrounding area and then held a public meeting with many present where plaintiffs made an extensive presentation of their position; the board then unanimously determined the proposed drain to be necessary and conducive to the public health, convenience,

and welfare, which determination was upheld by the trial court. We find no error in such determination establishing the proposed drain.

The second primary question raised by plaintiffs concerns the legality of the proceedings for establishment of the proposed drain. The main thrust of their argument in this respect is that the defendant commissioner should have followed the procedures for establishment of a new drain as set forth in chapter 4 of the drain code rather than resorting to the procedures outlined for improvement of an existing drain described under chapter 8 of the code. We find no merit in this contention. The proposed drain project enlarges and expands a natural watercourse known as Whiskey Creek which has provided natural drainage for a substantial portion of the surrounding area for some period of time. Section 3 of the act (MCLA § 280.3 [Stat Ann 1968 Rev § 11-.1003]) states that:

"The word 'drain' whenever used in this act, *shall include any creek or river, any watercourse or ditch,* either opened or closed, any covered drain, any sanitary or combined sanitary and storm sewer or storm sewer or conduit composed of tile, brick, concrete, or other material." (Emphasis supplied.)

Further, the code provides a broad grant of power in § 2 of the act as follows:

"Drains may be located, established, constructed and maintained, the drains and watercourses may be cleaned out, straightened, widened, deepened, extended, consolidated, relocated, tiled and relocated along the highway, or there may be provided for the same structures or mechanical devices that will properly purify or improve the flow of the drain or pumping equipment necessary to assist or relieve the flow of the drain, * * * whenever the same shall be

conducive to the public health, convenience and welfare."

We find that the legislature clearly intended creeks and rivers to be considered as drains and that the proposed action by the defendant commissioner to improve the presently existing natural drain under the terms of chapter 8 of the code was proper.

Plaintiffs next object to the fact that the defendant commissioner entered into a contract with the defendant Woodland Shopping Center, Inc., permitting the private construction of drain facilities in such a manner that the facilities might later be acquired by the drain commissioner and included as a part of the Whiskey Creek drain project. We find no merit in this contention, ample provision being made for such action in the code:

"The drain commissioner or drainage board may contract or make agreements with any private corporation or with any public corporation, including any agency thereof, in respect to any matter connected with the construction, operation or maintenance of any flood control or drainage project or combination thereof. The contract or agreement may provide that any payments made or work done by the public corporation shall relieve it in whole or in part from assessment for the cost of the project." MCLA § 280.431 (Stat Ann 1968 Rev § 11-.1431).

Proceedings under the drain code, other than condemnation proceedings, are administrative proceedings. Generally, the courts will presume that the administrative body has acted correctly and that its orders and decisions are reasonable and valid. 1 Michigan Law & Practice, Administrative Law and Procedure, § 52. Findings of fact by an administrative agency are generally not subject to review by a court if there was evidence to support the find-

ings unless there was a showing of fraud or lack of jurisdiction or that the determination of fact was arbitrary or capricious. *Underwood* v. *National Motor Casting Division, Campbell, Wyant & Cannon Foundry Company* (1951), 329 Mich 273; *N. A. Woodworth Co.* v. *Kavanagh* (ED Mich, 1952), 102 F Supp 9. In this connection, credibility of witnesses and the weight to be given evidence is for the determination of the administrative agency and not for the court. *Webber* v. *Steiger Lumber Company* (1948), 322 Mich 675, the court may not substitute its judgment of the facts for that of the administrative agency if there was any competent evidence to support the findings of the agency. *Bay Trust Company* v. *Dow Chemical Company* (1949), 326 Mich 62. The drain code of 1956, as amended, provides a full and complete procedure for reviewing the drain proceedings and, in the absence of fraud, the statutory procedures and the reviews provided are exclusive. We find no irregularities in the procedures followed herein.

Although not raised by plaintiffs in their brief oral argument revealed their concern over the apparently fundamental issue of the entire proceeding, *i.e.*, assessment of costs for construction of the drain. We note that the trial court provided ample protection to plaintiffs in this regard by retaining jurisdiction in the matter and requiring that defendants post a substantial bond.

Affirmed. No costs, a public question being involved.

LESINSKI, C. J., and FITZGERALD, J., concurred.