HITCHINGHAM v WASHTENAW COUNTY DRAIN
COMMISSIONER

Docket No. 97299. Submitted April 19, 1989, at Lansing. Decided
August 8, 1989.

Russell and Lela Hitchingham filed a complaint on February 7,
1983, to appeal from a finding of necessity by the Washtenaw
Board of Determination on December 14, 1982, and its order to
that effect filed with the drain commissioner on February 7,
1983. The Washtenaw Circuit Court, Patrick J. Conlin, J.,
reversed the decision, finding in a de novo hearing that the
appeal was timely but that the board's finding of necessity was
improper. Defendant appealed.

The Court of Appeals *held:*

1. An appeal from a board of determination's decision on the
issue of necessity is timely if filed within ten days of the filing
of the order with the drain commissioner. Thus, plaintiff's
appeal was timely filed.

2. The standard of review of an order of determination under
the Drain Code is whether the board of determination's deci-
sion, findings, rulings and orders are authorized by law and
whether its decision is supported by competent, material and
substantial evidence on the whole record. The court erred in
holding a de novo hearing.

Reversed and remanded.

1. DRAINS — APPEAL — DETERMINATION OF NECESSITY — DRAIN CODE.

An appeal from a board of determination's decision on the issue
of necessity is timely if filed within ten days of the filing of the
order with the drain commissioner (MCL 280.72a; MSA
11.1072[1]).

2. DRAINS — APPEAL — STANDARD OF REVIEW.

The standard of review of an order of determination under the
Drain Code is whether the board of determination's decision,
findings, rulings and orders are authorized by law and whether

REFERENCES

Am Jur 2d, Administrative Law §§ 553 *et seq.*
See the Index to Annotations under Administrative Law.

its decision is supported by competent, material and substantial evidence on the whole record (MCL 280.72a; MSA 11.1072[1]).

*Calvin A. Luker,* for plaintiff.

*Harris, Guenzel & Meier, P.C.* (by *Robert E. Guenzel* and *Carol K. Hollenshead*), for defendant.

Before: SULLIVAN, P.J., and SAWYER and MARILYN KELLY, JJ.

SAWYER, J. Defendant appeals from a judgment of the circuit court reversing the decision of a board of determination instituted under the Drain Code of 1956, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.* We reverse.

On November 8, 1982, a petition was filed to clean out, widen, deepen and straighten the Stoney Creek Drain to relieve flooding problems along the drain. In accordance with the provisions of the Drain Code, the drain commissioner appointed a board of determination to decide whether the proposal was necessary and conducive to the public health, convenience and welfare. Notices were sent to all freeholders affected by the petition and a hearing was held on December 14, 1982. After consideration of all the evidence presented at the hearing, the board decided that the project was necessary and beneficial to the public health. However, it was determined that the clean-out would be limited to debris, log jams, sand bars, junk, brush and stumps. An order of the board of determination reflecting its finding of necessity was filed with the drain commissioner on February 7, 1983.

Plaintiffs, who are landowners subject to assessment for the drain clean-out project and who were present at the hearing, filed this complaint February 7, 1983, the same day that the board's order

was filed and fifty-five days after the public hearing. Subsequently, the trial court denied defendant's motion for accelerated judgment [now summary disposition] on plaintiffs' request for review under MCL 280.72a; MSA 11.1072(1), but did dismiss plaintiffs' request for a writ of certiorari under MCL 280.161; MSA 11.1161.

Thereafter, on May 15 and 19, 1986, the trial court conducted a de novo hearing to decide the question of necessity. On November 25, 1986, the circuit court issued its opinion and order reversing the decision of the board of determination. The court noted in its opinion that there was evidence of flooding but that this flooding had taken place for over sixty years regardless of the condition of the drain. The court found that there was no ultimate solution to the problem until the drain was connected to the Monroe County drain. Additionally, the court determined that the temporary relief requested by the upstream landowners would be at the expense of a downstream landowner whose property would be substantially burdened. Therefore, the trial court found that it was not necessary to clean out the drain and reversed the finding of the board of determination.

Defendant first argues that the trial court erred in concluding that plaintiffs filed their appeal to circuit court in a timely manner. Specifically, defendant argues that plaintiffs had to file their appeal within ten days of the public hearing before the board of determination, while the trial court accepted plaintiffs' argument that they had ten days after the filing of the board of determination's order with the drain commissioner. We agree with the trial court.

MCL 280.72a; MSA 11.1072(1) provides as follows:

> Whenever the board of determination finds by majority vote of the whole number of members that the drain is or is not necessary, any person feeling aggrieved by the determination may institute an action in the circuit court for the county in which the real property is located for a determination of necessity. The action shall be filed by the person aggrieved within 10 days after the determination of necessity or no necessity by the board of determination.

As noted by the trial court, the statute does not clearly indicate whether the ten-day period runs from the board of determination's vote at the public hearing or whether it runs from the date the board of determination files its order with the drain commissioner pursuant to MCL 280.72(3); MSA 11.1072(3). Initially, we note that various other provisions of the Drain Code provide for an appeal or review in this Court, the circuit court or the probate court, with the appeal or review period running from the filing of an order or other written document.[1] Moreover, we note that the court rules generally anticipate that an appeal from an administrative agency to the circuit court includes the filing of a written order or decision to be appealed from. Specifically, MCR 7.105(C)(3) requires that such a petitioner attach to his petition for review as an exhibit a copy of the order or

---

[1] See, e.g., MCL 280.72(3); MSA 11.1072(3) (a municipality may appeal an order of the board of determination to the probate court within twenty days after receipt of notification from the drain commissioner), MCL 280.75; MSA 11.1075 (drain commissioner has sixty days after entry of the first order of determination to apply to the probate court for the appointment of special commissioners), MCL 280.88; MSA 11.1088 (application for a writ of superintending control to this Court for review of decision of special commissioners must be filed within twenty days after the report of the special commissioners), and MCL 280.161; MSA 11.1161 (application for writ of certiorari must be filed in circuit court within ten days after the copy of the final order of determination is filed in the office of the drain commissioner).

decision appealed from or an explanation why such an order is not attached. Finally, we note that requiring that the appeal be from the order rather than the vote would aid the circuit court's handling of the appeal. That is, absent a copy of the order or decision appealed from the circuit court has little to review nor could the circuit court clerk readily determine if the petitioner was properly invoking the jurisdiction of the court. Accordingly, the circuit court's review would be facilitated by requiring that the appeal be taken from the filing of the order rather than from the vote at the public hearing.

For the above reasons, we conclude that the appropriate interpretation of MCL 280.72a; MSA 11.1072(1) is that an appeal to circuit court from an order of the board of determination must be taken from the written order filed by the board and the circuit court action must be filed within ten days of the date the order of determination of necessity is filed with the drain commissioner. Therefore, we conclude that the circuit court correctly determined that plaintiffs' petition for review in the circuit court was timely filed.

Defendant next argues that there was sufficient evidence to find necessity to clean out the drain and that the circuit court erred in determining that there was no necessity. Before determining whether the circuit court erred in concluding that there was no necessity for this drain project, the first question which must be answered is what is the appropriate standard of review to be employed by the circuit court in this action. In the case at bar, the circuit court conducted a trial, heard evidence, and made a de novo determination of necessity. We believe that the court employed the incorrect standard.

The question of the appropriate standard for a

circuit court's review of an order of determination under MCL 280.72a; MSA 11.1072(1) appears to be one of first impression. However, we believe that the appropriate standard of review to be applied by the circuit court is whether the board of determination's decision, findings, rulings and orders are authorized by law and whether its decision is supported by competent, material and substantial evidence on the whole record. While there are no decisions interpreting § 72a of the Drain Code, we do believe that the decision in *Battjes Builders v Kent Co Drain Comm'r,* 15 Mich App 618, 623-624; 167 NW2d 123 (1969), provides guidance:

> Proceedings under the drain code, other than condemnation proceedings, are administrative proceedings. Generally, the courts will presume that the administrative body has acted correctly and that its orders and decisions are reasonable and valid. 1 Michigan Law & Practice, Administrative Law and Procedure, § 52. Findings of fact by an administrative agency are generally not subject to review by a court if there was evidence to support the findings unless there was a showing of fraud or lack of jurisdiction or that the determination of fact was arbitrary or capricious. *Underwood v National Motor Casting Division, Campbell, Wyant & Cannon Foundry Company* (1951), 329 Mich 273 [45 NW2d 286]; *N A Woodworth Co v Kavanagh* (ED Mich, 1952), 102 F Supp 9. In this connection, credibility of witnesses and the weight to be given evidence is for the determination of the administrative agency and not for the court. *Webber v Steiger Lumber Company* (1948), 322 Mich 675 [34 NW2d 516], the court may not substitute its judgment of the facts for that of the administrative agency if there was any competent evidence to support the findings of the agency. *Bay Trust Company v Dow Chemical Company* (1949), 326 Mich 62 [39 NW2d 244]. The drain code of 1956, as amended, provides a full and complete procedure

for reviewing the drain proceedings and, in the absence of fraud, the statutory procedures and the reviews provided are exclusive.

The decision in *Battjes,* however, is not dispositive of the issue at bar since *Battjes* did not involve a proceeding under § 72a of the Drain Code. However, a basis for the above standard of review can be found in the constitution. Const 1963, art 6, § 28 provides in pertinent part as follows:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

Moreover, this standard has been applied to judicial review of the decisions of various administrative bodies of local governments. See, e.g., *Murphy v Oakland Co Dep't of Health,* 95 Mich App 337; 290 NW2d 139 (1980) (appeal from decision of sanitary appeal board on refusal to issue sewage disposal system permits); *Rinaldi v Livonia,* 69 Mich App 58; 244 NW2d 609 (1976) (appeal from city civil service commission ruling); *Alastra v City of Warren,* 68 Mich App 594; 243 NW2d 675 (1976).

For the above reasons, we conclude that the circuit court's review of a decision of the board of determination finding necessity or no necessity for a drain project is restricted to determining

whether the decision was authorized by law[2] and whether the board's findings of fact are supported by competent, material and substantial evidence on the whole record. The circuit court shall not review the board of determination's findings of fact, other than to determine if they are supported by competent, material and substantial evidence on the whole record, absent showing of fraud or lack of jurisdiction or that the determination of fact was arbitrary or capricious. Specifically, the circuit court shall not review the matter de novo and make its own determination of necessity nor shall it entertain additional evidence, except to the extent that it may be necessary to determine whether the board of determination complied with the procedural requirements of the Drain Code or to establish a showing of fraud.[3] Since the trial court conducted a de novo review rather than reviewing the decision of the board of determination under the more restrictive competent, material and substantial evidence on the whole record standard, we reverse the decision of the circuit

[2] That is, that the board of determination properly complied with the applicable procedural requirements of the Drain Code in conducting its hearing and reaching its decision and it issued an order it had the authority to issue.

[3] We acknowledge that the provision in MCL 280.72a; MSA 11.1072(1) which provides that an aggrieved person may file an action in circuit court "for a determination of necessity" might be read to imply that the circuit court is entitled to conduct a de novo review of the decision of the board of determination. However, we do not believe that the statute clearly directs such a standard. Because the standard of reviewing an administrative agency's decision for determination of whether there is competent, material and substantial evidence on the whole record to support its conclusion is that most commonly applied to administrative review and that which is applied to review under other provisions of the Drain Code, *Battjes, supra,* we believe that that standard should also be applied to the case at bar absent a clear directive by the Legislature to apply a different standard, such as de novo review. Accordingly, since the statute does not clearly provide that the circuit court review shall be de novo, we believe that the standard outlined in our opinion is the appropriate standard to apply in the case at bar.

court and remand the matter to the circuit court for a determination under the appropriate standard of review.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, a public question involved.