BARAK v OAKLAND COUNTY DRAIN COMMISSIONER

Docket No. 215044. Submitted January 11, 2001, at Detroit. Decided July 3, 2001, at 9:05 A.M.

Pauline Barak and other residential property owners in the Franklin Oaks subdivision in West Bloomfield Township, Oakland County, filed a complaint and petition for administrative review in the Oakland Circuit Court, naming as defendants the Oakland County Drain Commissioner, the Drainage Board for the Taub Drain, and the Taub Drain and challenging the final orders that established the Taub Drain and that apportioned the cost of the drain. The plaintiffs alleged that the final order of determination of the drain was issued pursuant to a procedure that was unlawful, was not supported by competent, material, and substantial evidence, was arbitrary and capricious, and resulted from an abuse of discretion and that the drain, if constructed, would violate a number of statutes and a local ordinance. The plaintiffs, in an amended complaint, alleged errors regarding the apportionment of the cost of the drain, claimed that their due process rights were violated, and requested certification of a class action. The court, Fred M. Mester, J., granted summary disposition for defendants, finding that the final order of determination was supported by competent, material, and substantial evidence on the whole record and did not constitute an abuse of discretion. The plaintiffs appealed.

The Court of Appeals *held*:

1. The plaintiffs' assertion that a final order of determination is subject to the review procedures of the Administrative Procedures Act (APA), MCL 24.201 *et seq.*, is without merit. Section 483 of the Drain Code, MCL 280.483, provides that a final order of determination or apportionment of a drainage board is subject to attack only by a timely filed proceeding in certiorari. Because the Drain Code provides a full and complete procedure for reviewing the drain proceedings, in the absence of fraud, the statutory procedures and the reviews provided in the Drain Code are exclusive.

2. The notice provisions of §§ 467 and 469 of the Drain Code, MCL 280.467, 280.469, which provide that a drainage board's notice of the proceedings related to an order of determination or an order of apportionment need only be by publication and personal notice

to the public corporations that will be assessed, are constitutional. Because the notices given in this matter complied with the notice provisions of the Drain Code, the plaintiffs' due process rights were not violated.

3. The circuit court erred in granting summary disposition for the defendants because there were genuine issues of material fact concerning whether there was a public health necessity for the Taub Drain and whether the Taub Drain would affect the navigability of the Franklin Branch of the Rouge River. The record in this matter contains no evidence, other than conclusive statements, that the Taub Drain is necessary for the public health. Accordingly the circuit court erred in holding that the board's final order of determination was supported by competent, material, and substantial evidence with respect to the question of a public health necessity. Further, the record contains no testimony, affidavit, or report concerning the navigability of the Franklin Branch of the Rouge River at the location of the Taub Drain or whether the Taub Drain will impair the navigability of the river. The pictures of the river that are found in the record of this matter are insufficient to demonstrate whether the river is navigable. Accordingly, because the burden of establishing that a proposed drain will not impair navigation is on the drainage board, the circuit court erred in concluding that there was competent, material, and substantial evidence that the proposed drain would not impair the navigability of a river.

Reversed and remanded.

1. DRAINS — DRAIN CODE — JUDICIAL REVIEW — ADMINISTRATIVE PROCEDURES ACT.

The Drain Code provides a full and complete procedure for reviewing drain proceedings; in the absence of fraud, the statutory procedures and the reviews provided in the Drain Code are exclusive; accordingly, the provisions of the Administrative Procedures Act do not apply to a circuit court's review pursuant to the provisions of the Drain Code of a final order of determination by a county drainage board (MCL 24.201 *et seq.*, 280.483).

2. DRAINS — DRAIN CODE — NOTICE — CONSTITUTIONAL LAW — DUE PROCESS.

The provisions of the Drain Code that permit a drainage board to give notice of proceedings related to the board's determination of the establishment of and assessments for a drain by publishing in a newspaper notice of its proceedings and sending notice to each public corporation that is proposed to be assessed are not constitutionally invalid on the basis that individual taxpayers are not given personal notice (MCL 280.467, 280.469)

3. DRAINS — DRAIN CODE — NAVIGABLE RIVERS — BURDEN OF ESTABLISHING ON
     THE RECORD.

   An opponent of the creation of a drain is not required to show that
   the proposed drain would impair the navigability of a river; rather,
   the Drain Code requires that a drainage board must establish on
   the record whether any affected river is navigable and, if the river
   is navigable, whether construction of the proposed drain would
   impair navigation (MCL 280.10).

*Alan J. Barak,* for the plaintiffs.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *William P. Hampton* and *Lanie Anderson*), for the defendants.

Before: HOEKSTRA, P.J., and WHITBECK and METER, JJ.

PER CURIAM. Plaintiffs are residential property owners in the Franklin Oaks subdivision (Franklin Oaks), through which two arms of the Franklin Branch of the Rouge River meander. Franklin Oaks is located on the southeast corner of West Bloomfield Township (the township) in Oakland County. In June 1998, plaintiffs filed a complaint and petition for administrative review pursuant to the Drain Code of 1956, MCL 280.1 *et seq.,* challenging the defendants' establishment of an intracounty drain known as the Taub Drain in the Taub Drainage District. Franklin Oaks is within or contiguous to the Taub Drainage District. Defendants moved for summary disposition on multiple grounds, and the trial court granted summary disposition in favor of defendants. Plaintiffs appeal as of right. We reverse and remand.

I. FACTS AND PROCEDURAL HISTORY

This case began as a result of the township's actions to solve problems associated with the

Edwards Drain.[1] The Edwards Drain is a buried concrete drain constructed upstream from Franklin Oaks to collect excess water flow occurring as a result of increased residential and commercial development in the northwestern part of the township. The increased development inhibited rain water from soaking into the earth. The outflow from the Edwards Drain caused erosion and flooding for some downstream property owners, including plaintiffs. The water flows through the tributaries of the Franklin Branch of the Rouge River. In February 1998, the township filed a petition with the Oakland County Drain Commissioner for the establishment of a drain to correct the problems associated with the Edwards Drain outflow. The petition requested the establishment and construction of an intracounty drain pursuant to chapter 20 of the Drain Code.[2]

At the first meeting of the new Taub Drainage Board (the board) for the Taub Drain, the board tentatively determined that the township's petition was sufficient and that three public corporations would be assessed to pay the cost of the project. Thereafter, the board scheduled another meeting for the purpose of hearing any objections to the proposed project. Notice was published twice in The West Bloomfield/Lakes Observer and Eccentric, and personal notice was mailed to the Director of Michigan Department of State Highways, the Oakland County Clerk, the Oakland County Road Commission, and the Clerk of West Bloomfield Township.

---

[1] Because the record lacks evidentiary development, the facts recited herein are ascertained from plaintiffs' complaints, defendants' motions, and the accompanying documents.

[2] MCL 280.461 *et seq.*

At the next meeting of the board, several residents of the township made comments opposing the proposed drain project. The board decided to postpone all further action on the township's petition until June 9, 1998. On that date, the board again heard from residents who lived in the vicinity of the proposed Taub Drain who were overwhelmingly against the project. The project was to include two phases. Phase I apparently involves open channel improvements to the existing stream and applies only to two of the residential property owners' property.[3] Phase II is not to be constructed until after public hearings regarding the project have been held after receipt of an engineering study.

Ultimately, the board concluded in its final order of determination that the township's petition was sufficient in all respects, that the project was practical and should be constructed, and that the project was necessary for the public health. Approximately one month later, the board issued a final order of apportionment, assessing costs to certain public corporations.

In June 1998, plaintiffs filed a complaint and petition for administrative review in the trial court, bringing their case pursuant to chapter 20 of the Drain Code and the Michigan Administrative Procedures Act (APA).[4] Plaintiffs claimed that the Taub Drain is neither practical nor necessary for the public health, would negatively affect their property and property values, fails to meet specific requirements of the

---

[3] The record does not clearly delineate the extent of each phase. This description of Phase I of the project is taken from defendants' reply to plaintiffs' response to defendants' motion for summary disposition.

[4] MCL 24.201 et seq.

Drain Code, and would exacerbate the problems caused by the Edwards Drain. Plaintiffs also alleged that the final order of determination was issued pursuant to an unlawful procedure, which resulted in material prejudice to plaintiffs. Further, plaintiffs alleged that the final order of determination is unsupported by competent, material, and substantial evidence, is arbitrary and capricious, and resulted from an abuse of discretion and that the Taub Drain, if constructed, would violate multiple statutes and a local ordinance. Defendants did not answer plaintiffs' complaint. Instead, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(4), (8), and (10). Plaintiffs then filed an amended complaint, adding a count alleging errors regarding the apportionment of cost, a count alleging a due process violation, and a count requesting certification for a class action. In response, defendants filed an amended motion for summary disposition and a motion for sanctions and costs. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10), concluding that "the court is satisfied that the final order of determination was supported by competent, material and substantial evidence on the record and did not constitute an abuse of discretion."[5] The trial court denied defendants' motion for sanctions and costs.

---

[5] We note at this point that in arriving at this conclusion the trial court relied on minutes from the March 9, 1998, township meeting. Further, we note that the trial court was involved in other litigation related to this drainage problem. As we discuss later in this opinion, these minutes and any knowledge about the current situation arising from the other litigation are not part of the record before us. To the extent that the trial court relied on this information, we do not consider it because it is not part of the record in this case. See MCR 7.210(A)(1).

II. STANDARD OF REVIEW

"Proceedings under the [D]rain [C]ode, other than condemnation proceedings, are administrative proceedings." *Battjes Builders v Kent Co Drain Comm'r*, 15 Mich App 618, 623; 167 NW2d 123 (1969). In *Michigan Ed Ass'n Political Action Committee (MEAPAC) v Secretary of State*, 241 Mich App 432, 443-444; 616 NW2d 234 (2000), this Court explained the review process and the standard of review for an administrative agency decision:

> An administrative agency decision is reviewed by the circuit court to determine whether the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Ansell v Dep't of Commerce (On Remand)*, 222 Mich App 347, 354; 564 NW2d 519 (1997). Substantial evidence is any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence. See *Korzowski v Pollack Industries*, 213 Mich App 223, 228; 539 NW2d 741 (1995). This Court's review of the circuit court's decision is limited to determining whether the circuit court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). In other words, this Court reviews the circuit court's decision for clear error. *Id.* A decision is clearly erroneous when, "on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Id.* at 235.

Cf. *Grubb Creek Action Committee v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 670; 554 NW2d 612 (1996); *Hitchingham v Washtenaw Co Drain*

*Comm'r*, 179 Mich App 154, 158-161; 445 NW2d 487 (1989).

III. QUESTIONS PRESENTED AND ANALYSIS

This case presents complex issues and convoluted arguments that we have reduced to three essential questions. First, we consider plaintiffs' assertion that the APA is applicable in Drain Code cases. Next, we dispose of plaintiffs' violation of due process claim. Finally, we address plaintiffs' argument that the board's final orders were not supported by competent, material, and substantial evidence.[6]

---

[6] Plaintiffs also argue that the board's final orders were void because the township's initiating petition failed to comply with the requirements of chapter 20 of the Drain Code. Plaintiffs suggest that the township's petition failed to comply with the requirements of §§ 491 and 492, MCL 280.491, 280.492, and therefore the final orders are void for lack of jurisdiction.

In response to plaintiffs' argument, defendants assert that the drain commissioner and the board fully complied with the requirements of the Drain Code when creating the Taub Drainage District and the Taub Drain. Defendants claim that the township's petition was sufficient under the applicable provision of the Drain Code, that being § 462, MCL 280.462, rather than §§ 491 and 492.

Although the parties dispute under which statutory provisions the Taub Drain was to be created, we do not consider it our role to determine under which section(s) the township sought to proceed. Clearly, it is within the township's ability to designate whether it seeks to locate, establish, and construct a drain pursuant to § 462 and § 463, MCL 280.463, or to assume jurisdiction "over all or a specified part of the bed, tributaries, banks and flood plains of a river, creek or watercourse, *not part of an established drain*" pursuant to §§ 491 and 492. These statutory provisions provide different requirements for the petition. In the present case, it is not entirely clear from the record which section(s) of the Drain Code the township relied on in formulating its petition. Because of our limited scope of review, we do not find it our obligation on review to determine the type of drain at stake. Nor should the party opposing the drain have to guess the type of drain requested. Obviously, it would greatly facilitate the statutory process and the appeal process to have a clear indication in the petition concerning under which section(s) of the Drain Code the petitioner is proceeding. Such confusion would easily have been avoided in

A. APPLICABILITY OF THE ADMINISTRATIVE PROCEDURES ACT

Plaintiffs begin their argument by contending that the APA is applicable in an appeal from a drainage board[7] decision because a drainage board "fits the definition of 'state agency'" and because the Drain Code "leaves gaps in the review process." We disagree.

Upon review of chapter 20 of the Drain Code, it is apparent that the Drain Code itself provides the procedure for review of a drainage board decision to establish a drain or to apportion the cost of a drain. Section 483 of the Drain Code, MCL 280.483, provides in relevant part:

> Neither the final order of determination nor the final order of apportionment shall be subject to attack in any court, except by proceedings in certiorari[8] brought within 20 days after the filing of such order in the office of the chairman of the board issuing the same. If no such proceeding shall be brought within the time above prescribed, the drain shall be deemed to have been legally established and the legality of the drain and the assessments therefor shall not thereafter be questioned in any suit at law or in equity, either on jurisdictional or nonjurisdictional grounds.

Plaintiffs' argument that the APA should determine the scope of the review of the board's decision to create the Taub Drain is unsupported by case law. A review

---

this case if the township merely referred to the statutory provision(s) under which it was proceeding in the petition.

[7] To the extent that plaintiffs refer to "the drain commission" throughout their brief, we understand that they are actually referring to the drainage board.

[8] MCR 3.302 replaces writs of certiorari with superintending control and establishes procedures for seeking superintending control in the circuit courts.

of the cases involving challenges to final determinations by county drainage boards reveals no case in which this Court has applied the requirements of the APA. See, e.g., *Hitchingham, supra* at 159-160, citing *Battjes Builders, supra* at 624 (the Drain Code provides "a full and complete procedure for reviewing the drain proceedings and, in the absence of fraud, the statutory procedures and the reviews provided are exclusive"). We find that the APA does not apply to a trial court's review of a final order of determination by a county drainage board.[9]

To the extent that plaintiffs rely on *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984),[10] for the proposition that drainage boards are state agencies as defined by the APA and therefore the APA is applicable, we find their argument without merit. *Ross* concerned a question of governmental immunity in the context of tort liability, not the authority to act pursuant to chapter 20 of the Drain Code. Immunity from tort liability is an entirely separate and unrelated question, and thus *Ross* lends no support to plaintiffs' claim that a drainage board is a state agency to which the APA applies.

Further, plaintiffs' reliance on § 470 of the Drain Code, MCL 280.470, in arguing that a drainage board is a state agency, and therefore that the APA is applica-

---

[9] Plaintiffs also argue that the board was required to conduct an evidentiary hearing before making its final determination. However, plaintiffs' argument is based on their belief that the APA applied to the creation of a county drain. Because we find that the APA does not apply to proceedings to establish a county drain pursuant to the Drain Code, plaintiffs' argument that an evidentiary hearing was necessary is without merit.

[10] Plaintiffs actually cite *Ross v Consumers Power Co*, 415 Mich 1; 327 NW2d 293 (1982), but the Supreme Court granted rehearing and issued a new opinion for this case.

ble, is misplaced. Rather than support plaintiffs' argument, that statutory provision demonstrates that the APA is not applicable. Because § 470 only deems a drainage board a state agency when proceeding in condemnation, the clear indication is that a drainage board is not otherwise a state agency. Here, the board is not exercising its condemnation authority, and, consequently, § 470 offers plaintiffs no support.

### B. DUE PROCESS

Plaintiffs also argue that their due process rights were violated because the board failed to provide adequate notice of the board's proceedings to them. However, plaintiffs do not contest that defendants provided notice pursuant to the Drain Code. Previously, this Court has addressed the issue of adequate notice in making an assessment pursuant to the Drain Code and has held that a section of the Drain Code that only required publication notice and personal notice to public corporations being assessed was constitutional and that personal notice to taxpayers who may eventually pay the cost of the drain project was not necessary. See *Eyde v Lansing Twp*, 109 Mich App 641, 649-651; 311 NW2d 438 (1981), citing *Fair Drain Taxation, Inc v St Clair Shores*, 219 F Supp 646, 649-650 (ED Mich, 1963) (finding constitutional §§ 467 and 469 of chapter 20 of the Drain Code, MCL 280.467, 280.469), aff'd 375 US 258; 84 S Ct 361; 11 L Ed 2d 311 (1963). Here, defendants complied with the statute, which was all that was required of them.

C. COMPETENT, MATERIAL, AND SUBSTANTIAL EVIDENCE ANALYSIS

Plaintiffs contend that the trial court erred in granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10) because there were genuine issues of material fact with regard to whether there was a public health necessity for the Taub Drain and whether the Taub Drain would affect the navigability of the Franklin Branch of the Rouge River. Tied in with these contentions is the argument that the board's final orders were supported by no evidence, let alone by competent, material, and substantial evidence.[11]

First we note that the trial court's role in reviewing the board's final orders was "to determine whether the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record." *MEAPAC, supra* at 444; Const 1963, art 6, § 28. Recognizing the limited role of the trial court, the only proper questions before the trial court with regard to public health necessity and navigability of the river would be whether competent, material, and substantial evidence supported the board's final orders. Despite operating under the guise of summary disposition, the trial court correctly reviewed the record for competent, material, and substantial evidence.

At this juncture, we note the limited record before us and before the trial court. The record contains

---

[11] To the extent that plaintiffs claim that the trial court should have set the matter for discovery and trial, their argument is without merit. The trial court may not review the matter de novo or entertain additional evidence in these circumstances. Cf. *McGregor v Coggins Drain Bd of Determination,* 179 Mich App 297, 300-301; 445 NW2d 196 (1989); *Hitchingham, supra* at 161; *Battjes Builders, supra* at 623-624.

minutes of the April 14, May 26, June 9, and July 14, 1998, board meetings, a copy of the township's petition, notices of the board meetings and hearings, letters regarding the drain and objecting to the drain, a map of the Edwards Drain, a description of the route and maps of the Taub Drain, a description of the Taub Drainage District, photographs provided by the parties, affidavits by plaintiffs, and the board's final order of determination and final order of apportionment. On the basis of this evidence, we agree with plaintiffs that the record lacks competent, material, and substantial evidence to support the board's final order of determination.

With regard to public health necessity, the board found in its final order of determination that "it has become necessary for the public health to construct the drain." Addressing plaintiffs' appeal, the trial court found that the final order of determination was supported by competent, material, and substantial evidence. The trial court explained that the minutes from the township meeting of March 9, 1998, set forth the underlying reasons for the board's conclusion that it was necessary for the public health to construct the drain. However, these minutes are not contained in the record before us, nor do we find reference to them in the board minutes. Similarly, it appears from the record that the trial court may have relied on knowledge from related cases. The trial court's role was to examine the record as it existed in the present case, and it erred in considering information outside the record. The record before us contains no evidence, other than conclusive statements, that the Taub Drain is necessary for the public health. Because the record before us is devoid of evidence of

how the township concluded that there was a public health necessity for the proposed drain, we cannot agree with the trial court that competent, material, and substantial evidence supported the board's final order of determination with regard to public health necessity.[12]

With respect to navigability, a specific provision of the Drain Code prohibits the impairment of the navigation of any navigable river. Section 10 of the Drain Code, MCL 280.10, provides:

> Drains may be laid or extended into or along or from any lake or other body of water surrounded wholly or in part by a swamp, marsh or other low lands for the general purpose of drainage contemplated by this act, but not so as to impair the navigation of any navigable river.

The parties dispute whether the watercourse at issue is navigable and, if so, whether the Taub Drain would impair the navigability. Defendants claim that § 10 has no applicability in this case because the watercourse at issue in Phase I of the Taub Drain project is merely a warm weather stream flowing easterly from the enclosed Edwards Drain through a wooded ravine and into the Franklin Branch of the Rouge River. In the trial court, defendants argued that the current existing conditions of the Franklin Branch of the Rouge River in the vicinity of Phase I was a trickling stream. Defendants offered photographic evidence to support their argument. Defendants maintain on appeal that "[n]o swamp, marsh, or other wetlands

---

[12] We note that no evidentiary hearing is required under the Drain Code. "[T]he statute does not authorize the administration of oaths and the hearing of sworn testimony. But it does not prohibit proof by affidavit or court-authorized deposition." *In re Petition of Macomb Co Drain Comm'r*, 369 Mich 641, 651; 120 NW2d 789 (1963).

surround the watercourse"; however, they cite no record evidence supporting that conclusion, and the pictures found in the file do not clearly depict the watercourse. On the basis of the evidence presented, it is unclear whether the river in the area of the proposed drain was navigable.

An opponent of the creation of a drain is not saddled with the burden of showing that a proposed drain would impair the navigability of a river. Rather, because the Drain Code specifically prohibits the construction of a drain that would impair the navigation of any navigable river, we conclude that a drainage board must demonstrate whether any river in question is navigable and, if so, whether construction of a proposed drain would impair navigation. Here, the record is unclear with respect to whether any river is navigable. The record lacks any report or affidavit addressing navigability, and the pictures provided are insufficient to demonstrate navigability, or lack thereof.

## IV. CONCLUSION

In conclusion, we reiterate that the APA is not applicable in appeals of a drainage board's decision. Further, plaintiffs were not denied due process, because the notice given by the drainage board pursuant to the Drain Code is constitutionally adequate. However, we do agree with plaintiffs that the record before the trial court on defendants' motion for summary disposition lacks competent, material, and substantial evidence to support the board's final order of determination. Accordingly, the trial court erred in granting summary disposition in favor of defendants. Conse-

quently, we reverse and remand to the trial court for further action consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.