*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF KENTWOOD,

   Appellant,

UNPUBLISHED
October 27, 2022

v

KEN YONKER, in his official capacity as KENT
COUNTY DRAIN COMMISSIONER, and the
KENT COUNTY DRAIN COMMISSION
SADDLEBAG DRAIN BOARD OF
DETERMINATION,

   Appellees.

No. 360416
Kent Circuit Court
LC No. 21-009932-AA

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

   In this drain dispute, the circuit court rendered an opinion and order in favor of defendants and against plaintiff, the city of Kentwood, on appeal from a Board of Determination's decisions to consolidate two drains and drainage districts and to approve the "maintenance and improvement of the Saddlebag Drain as consolidated." The city of Kentwood thereafter appealed to this Court, claiming an appeal of right. On appeal, the city of Kentwood faults the circuit court's decision on several grounds. In response, defendants not only defend the circuit court's decision on the merits, but also raise a question of subject-matter jurisdiction. We conclude that the circuit court and this Court have subject-matter jurisdiction to review decisions of the Board of Determination, but we believe that the circuit court correctly rejected the arguments made by the city of Kentwood on the merits. Therefore, we affirm.

## I. FACTUAL BACKGROUND

This case arises from a proposal and subsequent determination to consolidate two drainage districts in Kent County called the Saddlebag Drain and the Gillette Drain.[1] The Saddlebag Drain is located primarily in Grand Rapids Charter Township; the Gillette Drain is located entirely within the corporate limits of the city of Kentwood. The landowners in the Saddlebag Drainage District also live in the Gillette Drainage District. On May 18, 2021, the Grand Rapids Charter Township Board approved a resolution and a petition requesting that the Kent County Drain Commissioner, Ken Yonker, consolidate the drains and drainage districts into a new "Saddlebag Drain Drainage District" for "the maintenance, improvement, and consolidation of the drains." Shortly thereafter, Yonker published a notice of meeting of a board of determination to consider the petition.

The Board of Determination was empaneled and thereafter held a meeting on October 18, 2021. After some preliminary business, counsel for the "drainage district" explained the Board of Determination's role, its task, and a brief history of the two drains and drainage districts. Yonker gave a presentation about the petition and the two drains. He spoke about the maintenance needs of the two drains. The three main arguments made in favor of consolidation were as follows:

- Eliminating unequal assessment burdens.[2] Under the two-drain system, the Gillette Drain encompassed the Saddlebag Drain, but not vice versa. As a result, residents of the Gillette Drain were assessed for projects in the area covering the Saddlebag Drain, but residents of the Gillette Drain were not assessed for projects in the area of the Saddlebag Drain that are not also in the Gillette Drain. Thus, the residents of Grand Rapids Charter Township paid twice; the residents of Kentwood (through a unified drain fund) paid once.

- Maintenance work was needed in both drains, which occupy the same watercourse. All maintenance needs were "system-wide."

- Consolidation would result in "administrative efficiencies for operation, maintenance, and improvement." It would "cut down the extra paperwork and recordkeeping in [the Drain Commission] office because each district is a corporation."

During his presentation, Yonker explained that sediment flowed downstream (north to south) from the existing Saddlebag-only area to the Gillette area, and then further south into a major wetland. He also explained that there was currently a "no-man's-land" between the existing drains that was not incorporated into the county system, so he currently had no jurisdiction over that land and no

---

[1] The second drainage district is variously identified as the "Gillette Drain" and the "Gillett Drain" throughout the proceedings. Because the Board of Determination chose the name "Gillette Drain" in its "Order of Consolidation and Review," we will use that name in this opinion.

[2] Every drain project is funded exclusively through the levying of special assessments. The drain commissioner described one of the virtues of consolidation in this case as "[e]liminat[ing] 'double-dipping' assessments[.]" We have chosen a more precise term for that concept.

way to fund projects in that area. Yonker further noted that erosion in the area of the two existing drains was an increasing problem.

After the presentation, the meeting was opened for public comment. Representatives from Grand Rapids Charter Township spoke in favor of consolidation. Representatives from the city of Kentwood, including its head engineer and its city attorney, raised questions or expressed concerns about consolidation. And several residents of one or both drainage districts offered comments or asked questions. The Kentwood city attorney gave the Board of Determination a written summary of the city's position on the petition. Kentwood's primary complaint was in regard to assessments because Kentwood has "independently funded and maintained the Gillette Drain through a drain fund dedicated for such purposes." Kentwood suggested that the reason to seek consolidation was to have Kentwood pay maintenance costs on the Saddlebag Drain. After hearing public comment, the Board of Determination approved the petition. Its decision was memorialized in an "Order of Consolidation and Necessity" signed on October 18, 2021. The Kent County Drain Commissioner then issued an "Order of Public Health Determination" on October 19, 2021.

On October 28, 2021, the city of Kentwood filed a "Claim of Appeal" in the Kent County Circuit Court, challenging the Board of Determination's decisions by alleging that the findings of the Board of Determination were not supported by competent, material, and substantial evidence. On February 7, 2022, the circuit court affirmed the Board of Determination's decisions in a written opinion and order. The city of Kentwood now appeals the circuit court's order.

## II. LEGAL ANALYSIS

Like the circuit court, our review of the Board of Determination's decisions is quite limited. "Those governmental officials charged at various stages of our state's history with overseeing the construction and maintenance of drains have been accorded fairly sweeping powers subject only to limited judicial review." *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 269; 831 NW2d 204 (2013). Our Supreme Court has noted that it is "not inclined to reverse [drain] proceedings . . . absent [a] showing of very substantial faults." *Id*. at 278. Proceedings under the Drain Code of 1956, MCL 280.1, *et seq.*, "other than condemnation proceedings, are administrative proceedings." *Barak v Oakland Co Drain Comm'r*, 246 Mich App 591, 597; 633 NW2d 489 (2001) (quotation marks and citation omitted). " 'An administrative agency decision is reviewed by the circuit court to determine whether the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record.' " *Id*. " 'Substantial evidence is any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence.' " *Id*. "This Court's review of the circuit court's decision is limited to determining whether the circuit court 'applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings.' " *Id*. "In other words, this Court reviews the circuit court's decision for clear error." *Id*. "A decision is clearly erroneous when, 'on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made.' " *Id*. But before we can consider the circuit court's decision to affirm the Board of Determination's decisions, we must take up a threshold question of subject-matter jurisdiction.

## A. SUBJECT-MATTER JURISDICTION

Jurisdictional issues are threshold matters that must be addressed before a court may reach the merits of a claim. See *Barshaw v Allegheny Performance Plastics, LLC*, 334 Mich App 741, 752; 965 NW2d 729 (2020). The issue of subject-matter jurisdiction need not even be raised by a litigating party because "a court is continually obliged to question sua sponte its own jurisdiction over . . . the subject matter of the action[.]" *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002). Thus, we must consider the courts' subject-matter jurisdiction to address the claims presented by the city of Kentwood in its "Claim of Appeal."

Defendants appear to acknowledge that the circuit court had subject-matter jurisdiction to entertain a challenge to the decisions of the Board of Determination, but they argue that this Court has no jurisdictional basis to hear the city of Kentwood's appeal from the circuit court's decision. The city of Kentwood claimed an appeal of right to this Court, but MCR 7.203(A)(1)(a) sets forth an exception to the right of appeal for "a judgment or order of the circuit court on appeal from any other court or tribunal[.]" In this instance, however, the Board of Determination was not acting as a "court or tribunal," as contemplated by MCR 7.203(A)(1)(a). As we have consistently explained, " '[t]ribunals include administrative agencies acting in a judicial, or quasi-judicial, capacity[.]' " *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013). "However, not all agencies' actions are taken in a judicial or quasi-judicial capacity." *Id.* "To determine whether an administrative agency's determination is adjudicatory in nature, courts compare the agency's procedures to court procedures to determine whether they are similar." *Id.* Nothing about the Board of Determination's procedures utilized in this matter bears any close resemblance to court procedures, so we conclude that the exception from appeals of right prescribed by MCR 7.203(A)(1)(a) for final orders of circuit courts on appeal from tribunals has no application here. Thus, we shall proceed to the merits of the city of Kentwood's appeal.

## B. THE MERITS OF THE DISPUTE

In its written opinion, the circuit court concluded that it merely had the authority to verify that the record contained the evidence necessary to support the Board of Determination's decisions and ensure that those decisions were authorized by law and supported by competent, material, and substantial evidence. Accordingly, the circuit court rejected the city of Kentwood's argument that the Board of Determination's decisions were erroneous because it failed to make findings of fact. Beyond that, the circuit court concluded that the Board of Determination's decisions were based upon competent, material, and substantial evidence, noting that the city of Kentwood's "arguments for this Court to reverse the . . . decision seem to be based on difference of opinion and not lack of evidence."

The circuit court did not clearly err in any regard. The city of Kentwood contends that the circuit court misapplied the substantial-evidence test, citing our decision in *Pegasus Wind, LLC v Tuscola Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355715), for the principle that the "[r]review of an administrative decision 'considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency.' " *Id.*; slip op at 5-6. We conclude, though, that the circuit court properly considered all of the evidence in the record no matter which side the evidence favored. The city of Kentwood's argument seems to rest entirely upon its disagreement with the Board of Determination's decisions.

At the Board of Determination meeting, Kent County Drain Commissioner Yonker offered solid evidence that consolidation would result in administrative efficiencies, would aid in maintenance and improvement projects that were necessary to sustain the watercourse, and would eliminate unequal assessment burdens for some residents. The city of Kentwood makes no argument that Yonker's presentation did not constitute competent, material, and substantial evidence. Instead, the city of Kentwood relies upon its arguments against consolidation, primarily reiterating its position that consolidation is unfair to Kentwood residents. Because the city of Kentwood has failed to identify any "substantial faults" in the decisions of the Board of Determination, the circuit court did not commit clear error in allowing those decisions to stand, so the city of Kentwood is not entitled to any relief on appeal. *Elba Twp*, 493 Mich at 278; *Barak,* 246 Mich App at 597.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates