*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT MCCLURE,

        Claimant-Appellee,

v

ADDISON SCHOOLS,

        Respondent-Appellee,

and

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

UNPUBLISHED
December 12, 2024
10:11 AM

No. 366617
Lenawee Circuit Court
LC No. 2022-007008-AE

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Appellant, the Department of Labor and Economic Opportunity/Unemployment Insurance Agency (UIA), appeals by leave granted[1] the circuit court's order reversing the decision of the Unemployment Insurance Appeals Commission (UIAC). We vacate the circuit court's order and instruct the circuit court to vacate the UIAC's decision and remand the case to the UIAC to make factual findings consistent with the requirements of MCL 421.62(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the improper payment of unemployment benefits. Claimant, a former teacher of respondent's, retired in June 2020 and began receiving monthly pension benefits

---

[1] *McClure v Dep't of Labor & Economic Opportunity*, unpublished order of the Court of Appeals, entered November 7, 2023 (Docket No. 366617).

-1-

beginning in July 2020. Despite these benefits, respondent applied for unemployment benefits in December 2020, but did not report his pension benefits to the UIA or contribute to his pension. Shortly thereafter, respondent notified the UIA that claimant had retired, but the UIA did not do anything until March 2022 because of a backlog in unemployment claims arising from the COVID-19 pandemic. Ultimately, the UIA notified claimant, in a May 2022 decision, that he was overpaid unemployment benefits between November 2020 and May 2021.

Claimant appealed the UIA's decision to an administrative law judge (ALJ). The ALJ modified the UIA's decision, finding that, under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*., claimant was partially ineligible for some benefits, but, while he had to pay back benefits paid through December 2020, the UIA was required to waive repayment for benefits paid between January 2021 and March 2021 under MCL 421.62(a)(*iii*), because the UIA knew claimant was retired in December 2020, but continued to pay him benefits, and did not seek repayment until March 2022. Claimant appealed to the UIAC, which modified the ALJ's decision, finding that the reasoning for waiving repayment under MCL 421.62(a)(*iii*) did not apply because claimant's failure to disclose his pension benefits to the UIA did not comport with equity and good conscience.

Claimant then appealed to the circuit court, which reversed the UIAC's decision. The circuit court reasoned the UIAC failed to fully address the requirements of MCL 421.62(a), finding there was no evidence in the record that claimant's failure to disclose his pension was intentional. The circuit court also found the UIA had to waive repayment under MCL 421.62(a)(*iii*), because its failure to timely process claimant's case constituted an administrative error.

## II. STANDARDS OF REVIEW

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (citation omitted). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Id*. at 431-432 (citation omitted). "Great deference is accorded to the circuit court's review of the [administrative] agency's factual findings; however, substantially less deference, if any, is accorded to the circuit court's determinations on matters of law." *Id*. at 432 (citation omitted). Lastly, this Court reviews questions of statutory interpretation and application de novo. *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 702; 854 NW2d 509 (2014).

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009) (citation omitted).]

III. ANALYSIS

The UIA argues the circuit court erred by waiving claimant's obligation for repayment. We agree, in part, and disagree, in part.

The MESA "expressly provides for the direct review of unemployment benefit claims." *Lawrence*, 320 Mich App at 430. "An administrative agency decision is reviewed by the circuit court to determine whether the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record." *Barak v Drain Comm'r*, 246 Mich App 591, 597; 633 NW2d 489 (2001) (quotation marks and citation omitted); Const 1963, art 6, § 28. "Substantial evidence is any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence." *Barak*, 246 Mich App at 597. "When reviewing the decision of an administrative agency for substantial evidence, a court should accept the agency's findings of fact if they are supported by that quantum of evidence." *In re Payne*, 444 Mich 679, 692; 514 NW2d 121 (1994). "A court will not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record." *Id.*

The circuit court exceeded its scope as a reviewing court when it made independent factual findings regarding whether claimant's failure to disclose his pension benefits was intentional. Such fact-finding is within the realm of the UIAC. See *Dep't of State Compliance and Rules Div v Mich Ed Ass'n-NEA*, 251 Mich App 110, 124; 650 NW2d 120 (2002) ("[F]act finding is within the province of the administrative agency[.]"). But, the circuit court is authorized to consider whether the UIAC's decision was authorized by law. *Barak*, 246 Mich App at 597. The UIAC's decision, here, was not.

At issue in this case is MCL 421.62(a)(*iii*), which states, in pertinent part:

> (a) If the unemployment agency determines that an individual has obtained benefits to which the individual is not entitled, or a subsequent determination by the agency or a decision of an appellate authority reverses a prior qualification for benefits, the agency may recover a sum equal to the amount received plus interest . . . . Except in a case of an intentional false statement, misrepresentation, or concealment of material information, the unemployment agency shall waive recovery of an improperly paid benefit if repayment would be contrary to equity and good conscience and shall waive any interest. . . . As used in this subsection, "contrary to equity and good conscience" means any of the following:
>
> \* \* \*
>
> (*iii*) The improper payments resulted from an administrative or clerical error by the unemployment agency. A requirement to repay benefits as the result of a change in judgment at any level of administrative adjudication or court decision concerning the facts or application of law to a claim adjudication is not an administrative or clerical error for purposes of this subdivision.

The plain language of the statute provides that if the UIA determines an individual procured benefits through an intentionally false statement, misrepresentation, or concealment of material

information, it does not have to waive recovery of the improperly paid benefit. *Id*. On the other hand, if there is no evidence of the above conduct, the UIA must waive recovery of the improperly paid benefit if repayment would be contrary to equity and good conscience. *Id*.

In rendering its decision, the UIAC conflated the language of MCL 421.62(a)(*iii*), and, in so doing, failed to demonstrate its decision was authorized by law. The ALJ in this case found that waiver was appropriate under MCL 421.62(a)(*iii*) because of the UIA's administrative error in failing to cease payments after being notified of claimant's retirement status. In modifying the ALJ's decision, the UIAC's decision stated:

> With respect to the ALJ having found that the Agency must waive the recovery of the claimant's liability for restitution, the Commission does not agree. Section 62(a)(iii) [sic] permits restitution to be waived if repayment would be contrary to "equity and good conscience." The ALJ waived recovery of restitution because the employer "submitted documentation to the Agency on December 14, 2020 informing the Agency that the claimant had retired", [sic] and notwithstanding this information, the Agency paid benefits through May 2021. Significantly, the ALJ also found "Claimant McClure did not report his retirement or monthly benefits to the Agency." A [f]ailure to disclose the receipt of pension benefits to the Agency does not comport with equity and good conscious [sic]. Consequently, in this matter, a waiver of restitution under Section 62(a)(iii) [sic] is improper.

The UIAC's reasoning is incorrect for multiple reasons. First, MCL 421.62(a)(*iii*) does not "permit" waiver of restitution if repayment would be contrary to equity and good conscience. The statute provides repayment "shall" be waived if repayment would be contrary to equity and good conscience. Thus, waiver is mandatory in such circumstances. See *Dep't of Environment Great Lakes & Energy v Holloo Farms LLC*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 365934); slip op at 8 ("[W]hen used in a statute[,] the term 'shall' connotes a mandatory duty."). Second, the UIAC's decision appears to disagree with the ALJ by implying that the ALJ's own reasoning is contradictory. But, the fact that claimant did not report his benefits is irrelevant when considered in light of whether the UIA committed an administrative error in paying claimant benefits after being informed of his retirement status. The UIAC's decision does not explain how its continued payment of benefits was or was not the result of an administrative error.

Finally, and most notably, the UIAC misinterpreted the statute by reasoning that claimant's failure to disclose his pension benefits did not comport with equity and good conscience. It is not claimant who must comport with equity and good conscience under MCL 421.62(a)(*iii*), it is the UIA. Again, the UIA must waive repayment if the payments were made as the result of an administrative error and repayment would be contrary to equity and good conscience. The UIAC failed to make any findings regarding the UIA's alleged administrative error. It also failed to make any findings as to whether claimant's actions rose to the level of "an intentional false statement, misrepresentation, or concealment of material information," necessary to preclude waiver under MCL 421.62(a). All in all, the UIAC's decision was not authorized by law, because it failed to make any factual findings to support whether waiver was or was not required under MCL 421.62(a)(*iii*).

We vacate the circuit court's order and instruct the circuit court to vacate the UIAC's decision and remand to the UIAC to make proper factual findings under MCL 421.62(a)(*iii*). We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett