# STATE OF MICHIGAN

# COURT OF APPEALS

VICTOR VANMEERBEECK and LYNN
VANMEERBEECK,

        Plaintiffs-Appellants,

v

JEFFREY WRIGHT, ROBERT COLE, DAVID
GUIGEAR, and MICKI HOFFMAN,

        Defendants-Appellees.

UNPUBLISHED
October 21, 2014

No. 315530
Genesee Circuit Court
LC No. 11-096350-CE

Before: HOEKSTRA, P.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Plaintiffs appeal as of right the circuit court's order upholding the Genesee County Drain Commissioner's Board of Determination's decision of no necessity, in this action involving the Drain Code, MCL 280.1 *et seq*. We affirm.

I

Plaintiffs reside on an island peninsula on Pine Lake in Fenton Township. Plaintiffs erected their home in the spring of 2005 and installed an 18-inch retaining wall along the water's edge. Plaintiffs and some neighboring property owners experienced a rise in the water level of Pine Lake, which caused erosion of their properties and flooding.

Plaintiffs and the requisite number of freeholders filed a petition with the Office of the Genesee County Drain Commissioner, in accordance with MCL 280.191, requesting a hearing to consider the necessity of the creation of a proposed drain outlet and the apportionment of costs in establishing a special assessment.

The Board of Determination (hereafter the board), a body consisting of three disinterested property owners, held a public hearing on the proposed drain at which 87 residents attended and 45 individuals testified. The board determined that the proposed drain was not necessary and conducive to public health, convenience, and welfare.

Plaintiffs filed a complaint in the circuit court pursuant to MCL 280.72a, challenging the board's determination of no necessity. Initially, the circuit court remanded to the board for it to make additional factual findings regarding its determination, particularly regarding the

-1-

recommendations of an engineering report,[1] which in the view of the plaintiffs should have led the board to conclude that the proposed drain was necessary. On remand, the board again determined that the proposed drain was not necessary and conducive to public health, reasoning: (1) the flooding has not disrupted emergency services or caused schools to be canceled; (2) no emergency evacuation response has been necessary; and (3) the lake level has remained at the same level for a long period of time and the worst of the flooding happens after anomalous rainfall. The circuit court affirmed the board's order of determination of no necessity, noting its highly deferential standard of review and that it would have made a different finding if it were the trier of fact.

II

Plaintiffs argue that the circuit court erred by concluding that the board's finding of no necessity for the proposed drainage project was based upon competent, material, and substantial evidence. We disagree.

" 'Proceedings under the [D]rain [C]ode, other than condemnation proceedings, are administrative proceedings.' " *Barak v Drain Comm'r for Co of Oakland*, 246 Mich App 591, 597; 633 NW2d 489 (2001), *Battjes Builders v Kent Co Drain Comm'r*, 15 Mich App 618, 623; 167 NW2d 123 (1969). A circuit court reviews a decision of an administrative agency "to determine if the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record." *Fritz v St Joseph Co Drain Comm'r*, 255 Mich App 154, 162; 661 NW2d 605 (2003). "Substantial evidence is any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla but may be less than a preponderance of the evidence." *Barak*, 246 Mich App at 597, quoting *Mich Ed Ass'n Political Action Comm v Secretary of State*, 241 Mich App 432, 444; 616 NW2d 234 (2000). The circuit court's review of the board of determination's finding of necessity is subject to appellate review. *Fritz*, 255 Mich App at 162. This Court's review of the circuit court's decision

> is limited to determining whether the circuit court applied the correct legal principles and whether it committed clear error in its factual review by misapprehending or grossly misapplying the substantial evidence test to the agency's factual findings. A decision is clearly erroneous when, on review of the whole record, the appellate court is left with the definite and firm conviction that a mistake was made. [*Id*.]

When reviewing whether the circuit court clearly erred in its determination of whether the agency's decision was supported by competent, material, and substantial evidence on the whole record, this Court presumes that the administrative body acted correctly and defers to the findings of the agency. *Id*. at 162-163. "Michigan law dictates that when there is sufficient

---

[1] The engineering report set forth hydrology, hydraulics, flood levels, storm water runoff, drainage areas, and proposed improvement alternatives to resolve the flooding issues on Pine Lake.

evidence to support an agency's decision, a court may not substitute its judgment for that of the agency, even if the court would have reached a different result." *Id*. at 163.

Under MCL 280.72(3), the function of the board is to "determine the necessity of the proposed drain and whether the drain is conducive to public health, convenience, or welfare." *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 217-218; 828 NW2d 459 (2012). As this Court stated in *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 669-670; 554 NW2d 612 (1996):

> The function of the board of determination is to determine whether a problem exists and whether a certain project is necessary. The board does not determine what is the best solution to the problem. If the board finds that the project is necessary, then the drain commissioner is responsible for assessing possible solutions. [Citations omitted.]

The circuit court did not clearly err when it found that there was competent, material, and substantial evidence to support the board's finding of no necessity. Plaintiffs note it is undisputed that there is a flooding problem on Pine Lake, but the issue before the board was whether the proposed drain was necessary to address the flooding and whether the drain was conducive to public health, convenience, or welfare, not just whether there was a flooding problem. *Maple Grove Twp*, 298 Mich App at 217-218. The circuit court did not grossly misapply the substantial evidence test because the grounds relied upon by the board—flooding did not disrupt emergency services or schools, emergency evacuation was unnecessary, and the lake level has remained at the same level for a long period of time and the worst flooding happened after anomalous rainfall—were directly relevant to the board's function to determine whether the proposed drain would be conducive to public health, convenience, or welfare. *Maple Grove Twp*, 298 Mich App at 217-218; *Fritz*, 255 Mich App at 162.

Plaintiffs argue that the board's finding regarding anomalous rainfall was inaccurate, citing one finding that May 12, 2012 photographs of the elevated water level in the record were taken shortly after a "major rain event." On appeal to the circuit court, plaintiffs offered rainfall statistics from May 2012, which plaintiff claimed demonstrate no such major rain event. Even if the circuit court had considered the rainfall statistics, which amounted to an impermissible expansion of the record, see *In re Harper*, 302 Mich App 349, 360 n 3; 839 NW2d 44 (2013), review of the entire record does not leave this Court with a definite and firm conviction that a mistake was made. *Fritz*, 255 Mich App at 162. Despite evidence that the lake level "ebb[ed] and flow[ed]," as the board found, the record demonstrated that the lake level has remained at the same level—880 feet—for a long period of time. Moreover, the circuit court finding that the board's no public necessity determination was supported by competent, material, and substantial evidence was based not only on the finding regarding anomalous rainfall, but also on the findings about emergency services, schools, and evacuation.

Plaintiffs also argue that the board did not give adequate weight to the engineering report in the record. Even were we to construe the engineering report as favorable to plaintiffs, however, the credibility and weight to be given evidence is a determination to be made by the board, and not the reviewing court. *Hitchingham v Washtenaw County Drain Comm'r*, 179 Mich App 154, 159; 445 NW2d 487 (1989).

We further reject plaintiffs' argument that the circuit court's statement that it would have found in favor of necessity supports their claim that the board's decision was not supported by competent, material, and substantial evidence. The circuit court properly recognized that it could not substitute its judgment for that of the board, even if it would have reached a different result. *Fritz*, 255 Mich App at 163. Therefore, the circuit court did not err when it found that the board's finding of no necessity was supported by material, competent, and substantial evidence. *Id*. at 162. Given the resolution, this Court declines to address defendant's alternative ground for affirmance regarding jurisdiction in the circuit court.

Affirmed. Defendants, as prevailing parties on appeal, may tax costs pursuant to MCR 7.219.

/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood